IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CT-03078-BO

| KEITH JAMES SEARS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | ORDER AND |
| | ) | MEMORANDUM AND |
| v. | ) | RECOMMENDATION |
| | ) | |
| UNITED STATES OF AMERICA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on referral of Plaintiff's motions for default and default judgment [DE-54, -68, -73], and a motion for extension of time filed on behalf of Defendant G.J. Branker [DE-70]. The parties have not consented to jurisdiction of the magistrate judge; therefore, the motions for default judgment are considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Local Civil Rule 72.3(c); *Calllier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999). For the reasons set forth below, the motion to extend time is granted, the motions for default are denied, and it is recommended the motions for default judgment be denied.

## I. BACKGROUND

Plaintiff Keith James Sears ("Plaintiff"), an inmate in the custody of the State of North Carolina, filed this action *pro se*, alleging claims against numerous defendants. [DE-1]. The court on initial frivolity review characterized the complaint as "delusional and otherwise unclear" and dismissed several Defendants, but ultimately allowed Plaintiff to amend his complaint. [DE-19]. Plaintiff filed an amended complaint, and the court conducted the requisite frivolity review, dismissing all claims except an excessive force claim against Defendants Officer Chavis, three John Doe Officers, Correctional Officer Alba, and Captain White. [DE-26]. On April 19, 2013, the

standard Order of Investigation was entered by the Clerk of Court, which provides in relevant part that "North Carolina Prisoner Legal Services (NCPLS) is requested to investigate the claims of the plaintiff and respond to the Court within 90 days of the date of entry of this Order" and that "the time for defendants to answer the complaint is hereby extended until 30 days after the Response filed by NCPLS." [DE-27]. On May 22, 2013, NCPLS filed a motion to withdraw from its investigation of the claims in this case, citing a conflict based on the fact that there were allegations against NCPLS in the complaint. [DE-32]. On September 6, 2013, Plaintiff filed motions for default and default judgment against Defendants Chavis, Alba, and White. [DE-54]. On November 14, 2013, the court allowed the motion to withdraw from investigation by NCPLS; allowed Plaintiff to amend the complaint to reinstate Defendant G.J. Branker as a properly named Defendant and added Sergeant Willie Lee Mitchell and Richard Arthur Pickering as properly named Defendants; denied Plaintiff's motion to appoint counsel; denied Plaintiff's motion to compel discovery; and deferred ruling on Plaintiff's motion for default judgment pending a response by the Attorney General. [DE-56]. On January 3, 2014, Plaintiff filed motions for entry of default and default judgment against Defendant Mitchell, to which no response was filed. [DE-68]. On January 27, 2014, the Attorney General filed a motion to extend the time to answer on behalf of Branker [DE-70], to which Plaintiff filed a response in opposition [DE-72]. On February 14, 2014, Plaintiff filed motions for default and default judgment as to Branker. [DE-73].

## II. ANALYSIS

### A. Motions for Default and Default Judgment [DE-54, -68, -73]

Rule 55 of the Federal Rules of Civil Procedure sets forth the process for obtaining a default judgment. "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there

2

must be an entry of default as provided by Rule 55(a)." 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2682 (3d ed.). Entry of default is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). After the clerk has entered default against a party, the plaintiff may then move the court for default judgment. Fed. R. Civ. P. 55(b).

Here, Plaintiff seeks default judgment against Defendants Chavis, Alba, and White [DE-54], Defendant Mitchell [DE-68], and Defendant Branker [DE-73]. However, a review of the court's docket in this case reveals that default has not been entered against these Defendants. Rather, it appears that Plaintiff filed motions seeking entry of default against these Defendants at the same time he filed the motions for default judgment. [DE-54-1], [DE-68-2] at 4-6, [DE-73-1]. Accordingly, entry of default judgment would be premature where default has not been entered, and it is recommended that Plaintiff's motions for default judgment [DE-54, -68, -73] be denied.

Turning to the motions for entry of default [DE-54-1], [DE-68-2] at 4-6, [DE-73-1], it appears that entry of default is, likewise, not warranted at this time. Defendants Chavis and Alba were served on May 29, 2013. [DE-35]. However, pursuant to the court's Order of Investigation, the time for these Defendants to answer the complaint was "extended until 30 days after the Response filed by NCPLS." [DE-27]. NCPLS responded to the Order of Investigation by filing on May 22, 2013, a motion to withdraw from the investigation [DE-32], which the court granted on November 14, 2013 [DE-56]. While the motion to withdraw could be characterized as the triggering "Response" by NCPLS, Defendants Chavis and Alba contend that the thirty-day period did not begin to run until the court ruled on NCPLS's motion to withdraw on November 14, 2013. Defs.' Resp.

3

[DE-60] at 2. This position is not unreasonable; moreover, procedural default is generally disfavored. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, ... claims and defenses be disposed of on their merits."). Accordingly, no answer or response being due from Defendants Chavis and Alba at the time Plaintiff sought entry of default on September 6, 2013, entry of default as to these Defendants is denied; however, Defendants Chavis and Alba, having still not answered or otherwise responded to the amended complaint, shall do so no later than **March 19, 2014**.

The Defendant named as "Captain White" appears to have never been served in this matter. Despite an entry on the court's docket indicating that White was served on July 27, 2013, there are no documents attached to that docket entry evidencing service was, in fact, made on "Captain White." [DE-50]. Furthermore, in response to the court's June 5, 2013 and July 12, 2013 orders directing the Attorney General/DPS to attempt to identify certain unserved defendants in this case [DE-37, -47], the Attorney General/DPS responded that "Captain White" could not be identified [DE-39, -48]. Accordingly, entry of default against "Captain White" is not appropriate where this Defendant has not been served.[1]

Defendant Mitchell was served on July 27, 2013. [DE-50]. No answer or notice of appearance has been filed on Mitchell's behalf, and the Attorney General's filing of November 26, 2013, indicates that Mitchell had not requested representation at that time. [DE-60].

---

[1] It appears that, in addition to "Captain White," Defendants Carleton Allen Green and Dietrich Ray Moore have not yet been served with the summons and complaint in this matter, the United States Marshal's attempts to serve these Defendants by certified mail having failed. [DE-51, -53]. The Attorney General has indicated that Green is still employed at Central Prison [DE-60] and that Moore is no longer employed by DPS, providing a last known address [DE-48]. Accordingly, the court will issue a separate order directing the Marshal to attempt personal service on these Defendants.

4

Notwithstanding Mitchell's apparent failure to "plead or otherwise defend," it appears Mitchell never received notice of Plaintiff's motion for entry of default, where Mitchell is no longer employed by DPS and Mitchell's last known address was filed with the court under seal. [DE-48]. Thus, Plaintiff did not have access to Mitchell's address and, through no fault of Plaintiff, Mitchell has not received notice of the motion for default. [DE-68-2] at 3. Accordingly, entry of default is not appropriate at this time. Furthermore, in light of Mitchell's apparent *pro se* status in this case, the aforementioned preference for a disposition on the merits, and in the interest of moving this case forward in the most efficient manner, Mitchell shall be allowed to answer or otherwise respond to the amended complaint no later than **March 19, 2014**. The Clerk of Court is DIRECTED to serve a copy of this Order and Memorandum and Recommendation on Mitchell at his last known address under seal.

Defendant Branker was served on January 7, 2014, and his answer or other responsive pleading was due on January 28, 2014. [DE-69]. On January 27, 2014, the Attorney General, on behalf of Branker, filed a motion seeking an extension of time for Branker to answer or otherwise respond to the amended complaint, which is addressed below. [DE-70]. Given the pending motion to extend time, which was filed prior to the deadline to respond, entry of default against Branker is not appropriate at this time.

While not the subject of motions for default or default judgment, it appears that Defendant Richard Arthur Pickering was served on July 27, 2013 [DE-50], but has filed no response to the amended complaint. The Attorney General has indicated that he will be "entering a notice of appearance for and representing [Pickering], and will file an answer or other responsive pleading at the appropriate time." [DE-60] at 3-4. Accordingly, Pickering shall answer or otherwise respond to the amended complaint no later than **March 19, 2014**.

5

## B. Motion for Extension of Time to File Answer [DE-70]

The Attorney General, on behalf of Defendant G.J. Branker, filed a motion seeking an extension of time for Branker to answer or otherwise respond to the amended complaint. [DE-70]. As stated above, Defendant Branker was served on January 7, 2014, and his answer or other responsive pleading was due on January 28, 2014. [DE-69]. The Attorney General's motion indicates that he requires an enlargement of time to ascertain whether the State of North Carolina will provide for Branker's defense in this matter. [DE-70] at ¶¶ 13-16. The Attorney General requests Branker's time to respond to the amended complaint be extended commensurate with the time allowed for Defendants Chavis, Alba, and White. Plaintiff objects to the requested extension of time on a variety of grounds, including that the motion was not filed by Branker himself and that Defendants Chavis, Alba, and White should have responded to the amended complaint within 30 days after NCPLS filed its motion to withdraw in response to the Order of Investigation. [DE-72-1]. While Plaintiff's desire to avoid further delay is understandable, there is good cause to allow the motion for the reasons stated therein. Accordingly, Defendant Branker shall answer or otherwise respond to the amended complaint no later than **March 19, 2014**, and the Attorney General shall serve a copy of this Order and Memorandum and Recommendation on Branker.

## III. CONCLUSION

Based upon the foregoing, it is RECOMMENDED that Plaintiff's motions for default judgment be DENIED, and it is further ORDERED that Plaintiff's motions for default are DENIED; the Attorney General's motion for an extension of time on behalf of Defendant Branker is ALLOWED; Defendants Branker, Alba, Chavis, and Pickering shall respond to the amended complaint by no later than **March 19, 2014**; and the Clerk of Court is DIRECTED to serve a copy

of this Order and Memorandum and Recommendation on Defendant Mitchell at his last known address under seal.

The Clerk shall send copies of this Order and Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO ORDERED AND SUBMITTED, the 5th day of March 2014.

*[signature]*
Robert B. Jones, Jr.
United States Magistrate Judge