UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CT-3078-BO

| | |
|---|---|
| KEITH JAMES SEARS,<br>Plaintiff, | )<br>)<br>) |
| v. | )     O R D E R |
| UNITED STATES OF AMERICA, et al.,<br>Defendants. | )<br>)<br>) |

On April 4, 2012, plaintiff, a state inmate acting pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Compl., D.E. 1. This case is voluminous, and this litigation has continued for almost three years. See, Docket. It is time to bring the matter to final resolution. Thus, the court shall rule on the following motions in an attempt to efficiently bring this case to its necessary conclusion.

    a.    The Motions for Reconsideration [D.E. 101, 106]

These motions seek reconsideration of the court's prior orders including the denial of the request for a temporary restraining order. See, Order, D.E. 99. Pursuant to Rule 54(b), in the absence of an express order directing final judgment as to certain claims or parties:

> [A]ny order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed.R.Civ.P. 54(b). Under this rule, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505,

514-515 (2003) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991)). This is what plaintiff seeks.

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Id. at 514. The outcome of the motion is "committed to the discretion of the district court." Id. at 515. For guidance of the discretion, courts look to "doctrines such as law of the case," under which a prior dispositive order must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Id. (quoting Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)).

Courts applying Rule 54(b) have borrowed factors from Rule 59(e) and Rule 60(b), which include (1) evidence not previously available has become available, (2) an intervening change in the controlling law, (3) a clear error of law or manifest injustice, (4) mistake, inadvertence, surprise or excusable neglect, or (5) any other reason justifying relief from the operation of the judgment. See Fayetteville Investors, 936 F.2d at 1469 (noting use by some district courts of reasons set out in Rule 60(b) in deciding motions to reconsider under Rule 54(b)); Superior Bank v. Tandem Nat'l Mortg., 197 F. Supp.2d 298, 332 (D. Md. 2000) (citing and referring to Rule 59(e) and Rule 60(b) factors). Sears has clearly failed to meet his burden, and the motions are DENIED. D.E. 101 and 106.

    b.    The Motion for Appointment of Counsel [D.E. 104]

This is plaintiff's third motion for the appointment of counsel. The motion is again DENIED. See Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Whisenant v. Yuam, 739

F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 300 n.3 (1989).

   c.   Motion for an Extension of Time [D.E. 109]

The motion is DENIED as MOOT given the multiple responses which have been filed by Sears. See, docket.

   d.   Motion for Leave to Join the Motion for Summary Judgment [D.E. 147]

The motion of defendant Johnny O'Neal requesting leave to join the pending Motion for Summary Judgment and Memorandum in Support [D.E. 128 and 129] is ALLOWED for good cause shown.

   e.   Motion for Proper Service [D.E. 150], Motion to Quash [D.E. 152], Motion for Permissive Joinder [D.E. 154], Motion for Access to the Court [D.E. 159]

Each of these motions is DENIED as meritless.

   f.   Motion for Protective Order [D.E. 157]

A ruling on a defendants' claim of qualified immunity should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. Pearson v. Callahan, 129 S. Ct. 808, 815 (2009). The defense of qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); see Harlow v. Fitzgerald, 457 U.S. 800, 817–18 (1982). Accordingly, defendants are entitled to resolution of their defense of qualified immunity before being subject to the burdens of litigation, including discovery. See, e.g., Anderson v. Creighton, 483 U.S. 635, 640 n.2 (1987); Harlow, 457 U.S. at 817–18; Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (unpublished).

Therefore, the court GRANTS defendants' motion for a protective order. [D.E. 157]. The court further notes that the relevant records appear to have been supplied to plaintiff. Mot. for Summ. J., Attachments, Exhibits, and Affidavits.

g. Conclusion

Accordingly, the Motions for Reconsideration [D.E. 101, 106] are DENIED; the Motion for Appointment of Counsel [D.E. 104] is DENIED; the Motion for Extension of Time [D.E. 109] is DENIED; the Motion to Join [D.E. 147] is ALLOWED; the Motions [D.E.150, 152, 154, and 159] are DENIED; and the Motion for Protection Order [D.E. 157] is ALLOWED.

SO ORDERED, this the 19 day of December 2014.

TERRENCE W. BOYLE
United States District Judge